BRENDA J. ERDOES, Legislative Counsel
Nevada Bar No. 3644
KEVIN C. POWERS, Chief Litigation Counsel
Nevada Bar No. 6781
NEVADA LEGISLATIVE COUNSEL BUREAU, LEGAL DIVISION
401 S. Carson St.
Carson City, NV 89701
Tel: (775) 684-6830; Fax: (775) 684-6761
E-mail: kpowers@lcb.state.nv.us
*Attorneys for Defendant Legislature of the State of Nevada*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| REBEKAH CHARLESTON; ANGELA DELGADO-WILLIAMS; and LEAH ALBRIGHT-BYRD,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF NEVADA; STEVE SISOLAK, in his capacity as Governor of the State of Nevada; and the LEGISLATURE OF THE STATE OF NEVADA,<br><br>Defendants. | Case No. 3:19-cv-00107-MMD-WGC<br><br>**ORDER GRANTING DEFENDANT NEVADA LEGISLATURE'S MOTION TO EXTEND TIME TO ANSWER OR RESPOND TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**(First Request)** |

## MOTION

Defendant Nevada Legislature (Legislature), by and through its counsel the Legal Division of the Legislative Counsel Bureau (LCB) under Nevada Revised Statutes (NRS) 218F.720, hereby files this motion to extend time until April 30, 2019—which is 7 days after the Legislature's session deadline for first House passage of legislation on April 23, 2019—for the Legislature to answer or respond to Plaintiffs' first amended complaint (ECF No. 12) under FRCP 12 and FRCP 15(a)(3). **This is the Legislature's first request to extend time to answer or respond to Plaintiffs' first amended complaint under FRCP 12 and FRCP 15(a)(3)**. The Legislature's answer or response to the first amended complaint is due on April 3, 2019, under FRCP 12 and FRCP 15(a)(3).

The Legislature's motion to extend time is made under FRCP 6(b) and Local Rule IA 6-1 and is based upon the following Memorandum of Points and Authorities and all pleadings, documents and exhibits on file in this case.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I. Summary of reasons for extension of time.**

Plaintiffs filed their original complaint (ECF No. 1) on February 25, 2019, and they filed their first amended complaint on March 18, 2019. Plaintiffs served their first amended complaint on the Legislature by messenger service on March 20, 2019. Therefore, the Legislature's answer or response to the first amended complaint is due on April 3, 2019, under FRCP 12 and FRCP 15(a)(3).

The Legislature needs additional time to properly research and address the numerous novel and complex jurisdictional, procedural and constitutional issues raised by Plaintiffs' federal preemption claims challenging the validity of Nevada's statutes and local ordinances licensing and regulating legal brothels. In addition, the Legislature needs additional time to prepare an appropriate answer or response to the first amended complaint because the Legislature and its legal staff are currently engaged in the Legislature's biennial regular legislative session and the Nevada Constitution only gives the Legislature an extremely limited timeframe to perform its lawmaking functions between early February and early June of each odd-numbered year.

Within this extremely limited timeframe, the Legislature and its legal staff must follow stringent deadlines under the Joint Standing Rules to effectively and efficiently draft, introduce, hear, consider, review, amend, debate and process hundreds of bills and amendments. For example, during the period leading up to April 23, 2019, the Legislature's legal staff must draft hundreds of amendments to bills and resolutions in order to meet the deadlines in the Joint Standing Rules for committee passage in the first House on April 12, 2019, and for first House passage on April 23, 2019.

Therefore, given the stringent deadlines and time constraints of the ongoing legislative session and its extraordinary demands on the time and resources of the Legislature and its legal staff, the Legislature respectfully asks the Court to grant the Legislature's motion to extend time until April 30, 2019—which is 7 days after the Legislature's session deadline for first House passage of legislation on April 23, 2019—for the Legislature to answer or respond to the first amended complaint under FRCP 12 and FRCP 15(a)(3).

**II.	Background regarding Plaintiffs' federal constitutional claims.**

In their first amended complaint filed on March 18, 2019, Plaintiffs plead federal constitutional claims pursuant to 42 U.SC. § 1983 for alleged violations of their civil rights committed by the named Defendants—the State of Nevada; Steve Sisolak in his official capacity as the Governor of the State of Nevada; and the Legislature in its official capacity as the legislative authority of the State of Nevada. Plaintiffs assert federal-question jurisdiction under 28 U.SC. § 1331 and federal civil-rights jurisdiction under 28 U.S.C. § 1343(a)(3).

Plaintiffs claim that, under the Supremacy Clause of Article VI of the United States Constitution, certain federal criminal laws relating to illegal prostitution and sex trafficking preempt the provisions of the Nevada Revised Statutes that give less populated counties in Nevada the local option of allowing businesses to operate "a licensed house of prostitution." NRS 201.354(1); NRS 244.345(8). In addition, Plaintiffs claim that these federal criminal laws also preempt the local ordinances of the counties that have exercised their local option and elected to license and regulate such businesses, which are more commonly known as legal brothels.

However, contrary to this Court's Local Rules, Plaintiffs have not provided any citations to the relevant local ordinances or, alternatively, attached copies of the local ordinances as exhibits or included them as part of their appendix. Specifically, under this Court's Local Rules, Plaintiffs had a duty to either: (1) provide proper citations to the legal authorities—including the relevant local ordinances—set

forth in their first amended complaint; or (2) if those legal authorities "are not accessible on Westlaw or LexisNexis," attach copies of the legal authorities as exhibits to their first amended complaint or include them in their appendix. Local Rule IA 7-3 & 10-3. Because Plaintiffs' counsel failed to follow this Court's Local Rules, the Legislature's counsel will be required to spend additional time and resources doing legal research that Plaintiffs' counsel should have presented to this Court in the first instance. For this reason alone, Plaintiffs' first amended complaint is facially deficient.

To support the federal preemption claims in their first amended complaint, Plaintiffs rely on several federal criminal laws that prohibit a person from engaging in certain unlawful conduct which involves travel or other acts in or affecting interstate or foreign commerce and which relate to prostitution or sex trafficking. 18 U.S.C. § 1591(a); 18 U.S.C. § 2422(a); 22 U.S.C. §§ 7101-7114. Plaintiffs claim that these federal criminal laws preempt Nevada's statutes and local ordinances licensing and regulating legal brothels based on their contention that permitting the operation of legal brothels is in direct conflict with the congressional intent underlying these federal criminal laws to: (1) "prevent persons from persuading, inducing, enticing, and/or coercing any person to travel across state lines to engage in prostitution"; and (2) "ensure just and effective punishment of traffickers and to protect their victims." (ECF No. 12 at 37-38.) In particular, Plaintiffs claim that:

> Because the brothel industry in Nevada openly and notoriously persuades, induces, entices, and coerces individuals to travel in interstate commerce to commit acts of prostitution, [Nevada's statutes and local ordinances licensing and regulating legal brothels] cannot exist simultaneously with [the federal criminal laws] and thereby [are] preempted and in violation of the Supremacy Clause of the U.S. Constitution.

(ECF No. 12 at 38-39.)

In their prayer for relief, Plaintiffs ask for a declaratory judgment that Nevada's statutes and local ordinances licensing and regulating legal brothels are "unconstitutional [and] null and void as preempted by federal law," and a preliminary and permanent injunction "prohibiting the State of Nevada and all of its political subdivisions from implementing, enforcing, or putting into force and effect" Nevada's

statutes and local ordinances licensing and regulating legal brothels. (ECF No. 12 at 39.) Plaintiffs also ask for an order requiring the State of Nevada to allocate funds in an amount not less than $2,000,000 per year to the State Contingency Account for deposit to a special fund, designated as the "Nevada Sex Trade Exit Fund," to be used specifically to assist persons seeking to exit the sex trade, including, without limitation, providing mental health services, rent assistant, job training, scholarships, funding for childcare, medical treatments, tattoo removal and other assistance. (ECF No. 12 at 39.) Plaintiffs additionally ask that the order: (1) require all persons requesting money from the Nevada Sex Trade Exit Fund to provide proof of having been prostituted in Nevada through legal brothels as a result of the enactment of Nevada's statutes and local ordinances licensing and regulating legal brothels; and (2) prohibit any person who was ever in brothel ownership or brothel management from receiving money from the Nevada Sex Trade Exit Fund. (ECF No. 12 at 39.) Finally, Plaintiffs ask that the order require the Nevada Sex Trade Exit Fund to remain funded and running for 10 years from the date of the order declaring that Nevada's statutes and local ordinances licensing and regulating legal brothels are preempted by federal law. (ECF No. 12 at 39.)

### III. Reasons for extension of time.

Plaintiffs' first amended complaint raises numerous novel and complex jurisdictional, procedural and constitutional issues, and the Legislature needs additional time to properly research and address these novel and complex issues and prepare an appropriate answer or response to the first amended complaint under FRCP 12 and FRCP 15(a)(3). In particular, as noted by the Ninth Circuit Court of Appeals, the State of Nevada is "alone among the states" in permitting the operation of legal brothels under "stringent licensing and regulation." Coyote Publishing, Inc. v. Miller, 598 F.3d 592, 596 (9th Cir. 2010). In Coyote Publishing, the Ninth Circuit held that Nevada's statutes restricting certain advertising by legal brothels did not violate the First Amendment's protection of commercial speech. Id. at 602-11. However, the Ninth Circuit did not directly address the constitutional issue of whether

any federal criminal laws preempt Nevada's statutes and local ordinances licensing and regulating legal brothels, and based on the Legislature's preliminary research, no other federal court has directly addressed this constitutional issue. Consequently, the Legislature needs additional time to properly research and address the numerous novel and complex jurisdictional, procedural and constitutional issues raised by Plaintiffs' federal claims challenging the validity of Nevada's statutes and local ordinances licensing and regulating legal brothels.

In addition, the Legislature needs additional time to prepare an appropriate answer or response to the first amended complaint because the Legislature and its legal staff are currently engaged in the Legislature's biennial regular legislative session and the Nevada Constitution only gives the Legislature an extremely limited timeframe to perform its lawmaking functions between early February and early June of each odd-numbered year. See Nev. Const. art. 4, § 2 (limiting Nevada's regular legislative sessions to 120 consecutive calendar days beginning on the first Monday of February of each odd-numbered year). Within this extremely limited timeframe, the Legislature and its legal staff must follow stringent deadlines under the Joint Standing Rules to effectively and efficiently draft, introduce, hear, consider, review, amend, debate and process hundreds of bills and amendments.

For example, during the period leading up to April 23, 2019, the Legislature's legal staff must draft hundreds of amendments to legislative bills and resolutions in order to meet the deadlines in the Joint Standing Rules for committee passage in the first House on April 12, 2019 (68th calendar day of the session), and for first House passage on April 23, 2019 (79th calendar day of the session). See Joint Standing Rule No. 14.3 (Final Dates for Action by Standing Committees and Houses), Assembly Concurrent Resolution No. 1, 80th Leg. (Nev. Feb. 4, 2019) (adopting the Joint Standing Rules of the Senate and Assembly for the 80th Session), accessible on Westlaw at 2019 NV A.R. 1.[1]

---

[1] Also available at https://www.leg.state.nv.us/Session/80th2019/Bills/ACR/ACR1_EN.pdf.

Therefore, given the stringent deadlines and time constraints of the ongoing legislative session and its extraordinary demands on the time and resources of the Legislature and its legal staff, the Legislature respectfully asks the Court to grant the Legislature's motion to extend time until April 30, 2019—which is 7 days after the Legislature's session deadline for first House passage of legislation on April 23, 2019—for the Legislature to answer or respond to the first amended complaint under FRCP 12 and FRCP 15(a)(3).

Finally, the Legislature's requested extension will not unduly delay the proceedings or prejudice the rights of Plaintiffs. In particular, Plaintiffs allege that they are all residents of the State of Texas, but Plaintiffs do not allege that they have any presently existing personal contacts or connection with the State of Nevada. (ECF No. 12 at 2-3 & 19-34.) Even though Plaintiffs allege that they are former victims of sex trafficking who were forced to engage in illegal prostitution in Nevada, Plaintiffs do not allege that they presently face any personal threat from illegal prostitution or sex trafficking crimes in the State of Nevada. (ECF No. 12 at 2-3 & 19-34.) Therefore, given that Plaintiffs are not residents of the State of Nevada, have not alleged any presently existing personal contacts or connection with the State of Nevada, and have not alleged any presently existing personal threat from illegal prostitution or sex trafficking crimes in the State of Nevada, Plaintiffs have not demonstrated that they presently face any personal threat of actual or imminent harm from application or enforcement of the challenged statutory provisions in the State of Nevada.

Consequently, in the absence of any allegations demonstrating that Plaintiffs presently face any personal threat of actual or imminent harm, Plaintiffs have not established the extraordinary circumstances necessary to justify any expedited treatment of the proceedings in this case. As a result, it would not unduly delay the proceedings or prejudice the rights of Plaintiffs for the Court to grant the Legislature additional time to prepare an appropriate answer or response to the first amended complaint under FRCP 12 and FRCP 15(a)(3).

## CONCLUSION

Based upon the foregoing, the Legislature respectfully asks the Court to grant the Legislature's motion to extend time until April 30, 2019—which is 7 days after the Legislature's session deadline for first House passage of legislation on April 23, 2019—for the Legislature to answer or respond to the first amended complaint (ECF No. 12) under FRCP 12 and FRCP 15(a)(3).

DATED: This **29th** day of March, 2019.

Respectfully submitted,

**BRENDA J. ERDOES**
Legislative Counsel

By: /s/ Kevin C. Powers
**KEVIN C. POWERS**
Chief Litigation Counsel
Nevada Bar No. 6781
NEVADA LEGISLATIVE COUNSEL BUREAU, LEGAL DIVISION
401 S. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-6830; Fax: (775) 684-6761
kpowers@lcb.state.nv.us
*Attorneys for Nevada Legislature*

IT IS SO ORDERED.

DATED: March 29, 2019.

_____
UNITED STATES MAGISTRATE JUDGE