BRENDA J. ERDOES, Legislative Counsel
Nevada Bar No. 3644
KEVIN C. POWERS, Chief Litigation Counsel
Nevada Bar No. 6781
NEVADA LEGISLATIVE COUNSEL BUREAU, LEGAL DIVISION
401 S. Carson St.
Carson City, NV 89701
Tel: (775) 684-6830; Fax: (775) 684-6761
E-mail: kpowers@lcb.state.nv.us
*Attorneys for Defendant Legislature of the State of Nevada*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| REBEKAH CHARLESTON; ANGELA DELGADO-WILLIAMS; and LEAH ALBRIGHT-BYRD,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF NEVADA; STEVE SISOLAK, in his capacity as Governor of the State of Nevada; and the LEGISLATURE OF THE STATE OF NEVADA,<br><br>Defendants. | Case No. 3:19-cv-00107-MMD-WGC<br><br>**DEFENDANT NEVADA LEGISLATURE'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |

**REPLY**

Defendant Nevada Legislature (Legislature), by and through its counsel the Legal Division of the Legislative Counsel Bureau (LCB) under Nevada Revised Statutes (NRS) 218F.720, hereby files this reply in support of its motion to dismiss all claims in Plaintiffs' first amended complaint under FRCP 12(b)(1), 12(b)(6), 12(b)(7) and 12(h)(3). The Legislature's reply is made under Local Rule II 7-2 and is based upon the following Memorandum of Points and Authorities and all pleadings, documents and exhibits on file in this case. The Legislature respectfully asks the Court to dismiss, as a matter of law, all claims in Plaintiffs' first amended complaint against all Defendants and to enter judgment in favor of all Defendants accordingly.

# MEMORANDUM OF POINTS AND AUTHORITIES

**I. Argument.**

**A. Plaintiffs' first amended complaint should be dismissed for failure to comply with the Court's Local Rules because Plaintiffs have failed to provide any citations to or copies of the county ordinances that they claim are unconstitutional.**

Plaintiffs have taken the position that they do not need to provide any citations to or copies of the county ordinances that they claim are unconstitutional. This is untenable. On their face, the challenged provisions of state law—NRS 201.354(1) and 244.345(8)—are not self-executing. They give certain Nevada counties the local option to license and regulate legal brothels. See Kuban v. McGimsey, 605 P.2d 623, 625 (Nev. 1980) ("The legislature has specifically provided that the board of county commissioners has the power to license, regulate or suppress brothels in unincorporated cities or towns."). Indeed, if there were no county ordinances that licensed and regulated legal brothels, the challenged provisions of state law would lie dormant until such county ordinances were passed by one or more boards of county commissioners.

Therefore, because the licensing and regulation of legal brothels in Nevada is dependent upon the passage of the county ordinances, Plaintiffs cannot mount their constitutional attack solely and exclusively against the challenged provisions of state law. Instead, Plaintiffs must directly challenge the constitutionality of the county ordinances. As a result, under the Court's Local Rules, Plaintiffs were required to provide citations to or copies of the county ordinances that they claim are unconstitutional. In the face of such a fundamental failure to comply with the Court's Local Rules, Plaintiffs' first amended complaint is facially deficient and should be dismissed for that failure alone.

**B. Plaintiffs' claims for declaratory and injunctive relief against all Defendants must be dismissed for lack of subject-matter jurisdiction under FRCP 12(b)(1) and 12(h)(3) because, at the time of filing the original complaint, Plaintiff Rebekah Charleston did not have Article III constitutional standing.**

Plaintiffs claim Article III standing to bring claims for declaratory and injunctive relief because

they allegedly have suffered past injuries.  However, Plaintiff Charleston failed to plead any allegations in the original complaint from which the Court could conclude that she presently faces any personal threat of actual or imminent harm from application or enforcement of the challenged provisions in Nevada.  In the absence of such allegations in the original complaint, Plaintiffs cannot establish Article III standing for declaratory and injunctive relief against all Defendants as a matter of law.

As a resident of Texas, Charleston has, at most, a generalized interest or grievance regarding the application or enforcement of the challenged provisions in Nevada.  That generalized interest or grievance cannot establish Article III standing for declaratory and injunctive relief against all Defendants as a matter of law.  Schlesinger v. Reservists Comm. to Stop the War, 418 U.S. 208, 220 (1974); Warth v. Seldin, 422 U.S. 490, 499 (1975); City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983).

Furthermore, Charleston's allegations of past injuries in the original complaint cannot establish Article III standing for declaratory and injunctive relief against all Defendants as a matter of law.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 109 (1998); O'Shea v. Littleton, 414 U.S. 488, 496-97 (1974).  As stated by the Supreme Court, "[t]he emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant."  City of Los Angeles v. Lyons, 461 U.S. 95, 107 n.8 (1983).

Finally, because Charleston did not sue the proper local officials in the counties that license and regulate legal brothels at the time of filing the original complaint, she did not name the proper party-defendants when she filed the original complaint, and she lacked Article III standing to bring claims for declaratory and injunctive relief against all Defendants as a matter of law.  As stated by the Supreme Court, "Art. III still requires that a federal court act only to redress injury that fairly can be traced to the challenged action of the defendant, and not injury that results from the independent action of some third party not before the court."  Simon v. E. Ky. Welfare Rights Org., 426 U.S. 26, 41-42 (1976).

For all these reasons, Charleston lacked Article III standing to bring claims for declaratory and injunctive relief against all Defendants when she filed the original complaint. As a result, Plaintiffs' claims for declaratory and injunctive relief against all Defendants must be dismissed for lack of subject-matter jurisdiction under FRCP 12(b)(1) and 12(h)(3).

**C.  Plaintiffs' claims for declaratory, injunctive and monetary relief against the State and Legislature and Plaintiffs' claims for monetary relief against the Governor must be dismissed under FRCP 12(b)(1) and 12(h)(3) because those claims are not within the subject-matter jurisdiction of the Court under the Eleventh Amendment.**

Plaintiffs argue that the Legislature cannot claim Eleventh Amendment immunity under Ex parte Young, 209 U.S. 123, 155-56 (1908). That case, however, allows declaratory and injunctive relief against state officials, not against state agencies like the Legislature. Romano v. Bible, 169 F.3d 1182, 1185-86 (9th Cir. 1999); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991). Additionally, Ex parte Young does not allow actions for monetary relief against state officials acting in their official capacity. Id. Finally, despite Plaintiffs' arguments to the contrary, the fact that the Legislature has voluntarily moved to intervene in other federal cases is not relevant to this case and does not constitute a waiver of Eleventh Amendment immunity in this case. Consequently, Plaintiffs' claims for declaratory, injunctive and monetary relief against the State and the Legislature and Plaintiffs' claims for monetary relief against the Governor are not within the subject-matter jurisdiction of the Court under the Eleventh Amendment and must be dismissed for lack of subject-matter jurisdiction under FRCP 12(b)(1) and 12(h)(3).

**D.  Plaintiffs' claims for declaratory, injunctive and monetary relief against the State and Legislature and Plaintiffs' claims for monetary relief against the Governor must be dismissed under FRCP 12(b)(6) because Plaintiffs cannot obtain such relief under 42 U.S.C. § 1983 as a matter of law.**

Plaintiffs fail to address this argument in their opposition. For the same reasons discussed previously, Ex parte Young does not allow claims for declaratory, injunctive and monetary relief against

the State and Legislature under 42 U.S.C. § 1983 as a matter of law. Will v. Mich. Dep't State Police, 491 U.S. 58, 62-71 (1989). In addition, Ex parte Young does not allow claims for monetary relief against state officials acting in their official capacity under section 1983 as a matter of law. Will, 491 U.S. at 71 & n.10. Therefore, Plaintiffs' claims for declaratory, injunctive and monetary relief against the State and Legislature and Plaintiffs' claims for monetary relief against the Governor must be dismissed under FRCP 12(b)(6) because Plaintiffs cannot obtain such relief under 42 U.S.C. § 1983 as a matter of law.

**E.   Plaintiffs' claims for declaratory, injunctive and monetary relief against the Legislature and Governor must be dismissed under FRCP 12(b)(6) because those claims are barred by absolute legislative immunity under 42 U.S.C. § 1983 as a matter of law.**

Plaintiffs fail to address this argument in their opposition. Based on absolute legislative immunity, a plaintiff cannot bring a section 1983 claim against a state legislature or its committees or members for enacting state laws or for failing to amend or repeal state laws, even if the state laws violate the Federal Constitution. Supreme Ct. of Va. v. Consumers Union, 446 U.S. 719, 731-34 (1980). Absolute legislative immunity also protects a state's governor when the governor is performing acts that fall within the sphere of legitimate legislative activity. Baraka v. McGreevey, 481 F.3d 187, 196 (3d Cir. 2007). Therefore, Plaintiffs' claims for declaratory, injunctive and monetary relief against the Legislature and Governor must be dismissed under FRCP 12(b)(6) because those claims are barred by absolute legislative immunity under 42 U.S.C. § 1983 as a matter of law.

**F.   Plaintiffs' claims for declaratory, injunctive and monetary relief against the Legislature and Governor must be dismissed under FRCP 12(b)(6) because those claims are time-barred as a matter of law under the statute of limitations applicable to 42 U.S.C. § 1983.**

In Nevada, the section 1983 statute of limitations is two years. Perez v. Seevers, 869 F.2d 425, 426 (9th Cir. 1989); Chachas v. City of Ely, 615 F.Supp.2d 1193, 1202-03 (D. Nev. 2009). The section 1983 statute of limitations applies to both legal claims for monetary relief and equitable claims for declaratory and injunctive relief. Levald, Inc. v. City of Palm Desert, 998 F.2d 680, 688 (9th Cir. 1993).

With regard to the Legislature and Governor, Plaintiffs have not alleged any operative governmental action or decision within the section 1983 two-year statute of limitations. Accordingly, Plaintiffs' claims for declaratory, injunctive and monetary relief against the Legislature and Governor must be dismissed under FRCP 12(b)(6) because those claims are time-barred as a matter of law under the statute of limitations applicable to 42 U.S.C. § 1983.

**G.  Plaintiffs' claims for declaratory and injunctive relief against the Governor must be dismissed under FRCP 12(b)(6) because the Governor is not charged with enforcing the challenged provisions of state and local law and is therefore not a proper party-defendant under 42 U.S.C. § 1983 as a matter of law.**

Ex parte Young allows declaratory and injunctive relief against state officials acting in their official capacities to enjoin their enforcement of allegedly unconstitutional laws. Ex parte Young, 209 U.S. 123, 155-56 (1908); L.A. Branch NAACP v. L.A. Unified Sch. Dist., 714 F.2d 946, 952 (9th Cir. 1983). However, such state officials are proper party-defendants only if they bear some connection to the enforcement of the challenged laws. Long v. Van de Kamp, 961 F.2d 151, 152 (9th Cir. 1992); S. Pac. Transp. Co. v. Brown, 651 F.2d 613, 615 (9th Cir. 1980).

The Governor is not charged with enforcing the challenged provisions of state law that give certain Nevada counties the local option to license and regulate legal brothels, and the Governor is not charged with enforcing the county ordinances which implement that state law and actually license and regulate legal brothels. The power to enforce the challenged provisions of state and local law belongs exclusively to the proper local officials in the counties that license and regulate legal brothels. See Kuban v. McGimsey, 605 P.2d 623, 625 (Nev. 1980). Consequently, because Plaintiffs did not sue the proper local officials in the counties that license and regulate legal brothels, they did not name the proper party-defendants to bring their claims for declaratory and injunctive relief. Accordingly, Plaintiffs' claims for declaratory and injunctive relief against the Governor must be dismissed under FRCP 12(b)(6) because the Governor is not charged with enforcing the challenged provisions of state

and local law and is therefore not a proper party-defendant under 42 U.S.C. § 1983 as a matter of law.

**H. Plaintiffs' claims for declaratory, injunctive and monetary relief must be dismissed under FRCP 12(b)(7) as a matter of law because Plaintiffs have failed to join all necessary and indispensable party-defendants under FRCP 19.**

Plaintiffs are asking for: (1) a declaratory judgment that the local ordinances of the Nevada counties that license and regulate legal brothels are preempted by federal criminal laws; and (2) injunctive relief prohibiting those Nevada counties from implementing or enforcing their own local ordinances. (ECF No. 12 at 39.) However, it is well established that "[a] public entity has an interest in a lawsuit that could result in the invalidation or modification of one of its ordinances, rules, regulations, or practices." E.E.O.C. v. Peabody W. Coal Co., 610 F.3d 1070, 1082 (9th Cir. 2010). Because Plaintiffs are seeking relief that would directly and adversely affect the interests of the Nevada counties in the validity of their own local ordinances, those Nevada counties are necessary and indispensable parties that are needed for a just adjudication of this litigation because they have material interests in the subject matter of this litigation. As such, those Nevada counties are entitled by due process principles to proper notice of this litigation and an opportunity to protect their interests.

Furthermore, the Legislature and Governor cannot adequately represent and protect the interests of those Nevada counties in the validity of their own local ordinances. The Legislature and Governor are not charged with enforcing the challenged provisions of state and local law, and they do not license and regulate legal brothels. The power to enforce the challenged provisions of state and local law and license and regulate legal brothels belongs exclusively to the proper local officials in the counties that license and regulate legal brothels. See Kuban v. McGimsey, 605 P.2d 623, 625 (Nev. 1980). Therefore, because the Legislature and Governor are not the proper party-defendants to represent and protect the interests of those Nevada counties in the validity of their own local ordinances, Plaintiffs' claims for declaratory, injunctive and monetary relief must be dismissed under FRCP 12(b)(7) as a matter of law because Plaintiffs have failed to join all necessary and indispensable party-defendants

under FRCP 19.

**I. Plaintiffs' claims for declaratory, injunctive and monetary relief against all Defendants must be dismissed under FRCP 12(b)(6) as a matter of law because the federal criminal laws do not preempt the challenged provisions of state and local law with regard to the licensing and regulation of legal brothels.**

Plaintiffs claim preemption based on federal criminal laws, including the Mann Act. On their face, the federal criminal laws that form the basis of Plaintiffs' preemption claims do not prohibit the act of prostitution. 18 U.S.C. § 1591(a); 18 U.S.C. § 2422(a); 22 U.S.C. §§ 7101-7114. Rather, the federal criminal laws prohibit a person from engaging in certain unlawful conduct which involves travel or other acts in or affecting interstate or foreign commerce and which relates to illegal prostitution or sex trafficking. Id.

Furthermore, Congress did not intend for the federal criminal laws to prohibit the act of prostitution or the operation of a house of prostitution occurring wholly within a single state. Twitchell v. United States, 313 F.2d 425, 428-29 (9th Cir. 1963), *vacated in part on other grounds by* Rogers v. United States, 376 U.S. 188 (1964); United States v. McConney, 329 F.2d 467, 468-69 (2d Cir. 1964); McGuire v. United States, 152 F.2d 577, 579-80 (8th Cir. 1945). As explained by the Ninth Circuit:

> **Neither prostitution nor maintaining or conspiring to maintain a house of prostitution is a federal offense.** It is not the business of federal prosecutors to prosecute for state offenses, or of federal courts to entertain such prosecutions. And we think that federal courts must be on guard against attempts to convert what are essentially offenses against state laws into federal crimes via the conspiracy route. That appears to us to be what happened here.
>
> There is a mass of evidence from which a jury might find that Twitchell, who was sheriff of Snohomish County, conspired with various madams (Ashen, Rogers, Conklin) either separately or together, to operate one or more houses of prostitution in Snohomish County, Washington, in or near the City of Everett. According to this evidence, Twitchell's part was, in return for payoffs, to tolerate the operations and assure them a monopoly. But such a conspiracy is not a federal offense. **The federal offense is, speaking generally, interstate transportation or inducement of transportation of women for purposes of prostitution**, and the question we must decide is whether the evidence shows, in relation to Twitchell, participation in a conspiracy to commit such an offense.
>
> \* \* \*

> Cases involving conspiracies to commit other federal offenses are not, in our judgment, particularly helpful.  **This is because of the peculiar nature of offenses under the Mann Act.  It is not a violation of that Act to employ, in a house of prostitution, women who have come from other states of their own accord, even if their purpose in coming was to indulge in prostitution.**  Thus proof, of which there is a circumstantial modicum in this case, that Twitchell knew that some of the girls in the houses that he was protecting came from out of state, is not enough.

Twitchell, 313 F.2d at 428-29 (citations omitted and emphasis added).

Thus, because the federal criminal laws do not prohibit the act of prostitution or the operation of a house of prostitution occurring wholly within a single state, there is nothing in the challenged provisions of state and local law providing for the licensing and regulation of legal brothels that directly conflicts with the federal criminal laws.  Instead, the challenged provisions of state and local law can constitutionally coexist with the federal criminal laws.

Specifically, the challenged provisions do not exempt any illegal activity from prosecution under federal law, and the challenged provisions do not purport to make legal any conduct prohibited by federal law.  Indeed, because the federal criminal laws do not prohibit the act of prostitution or the operation of a house of prostitution occurring wholly within a single state, the challenged provisions do not conflict with the federal criminal laws in any way at all.  As a result, the challenged provisions establish a state and local regulatory scheme that limits state prosecution for certain acts of prostitution occurring wholly within Nevada but does not limit enforcement of the federal criminal laws in any way at all.  Because this state and local regulatory scheme does not implicate federal supremacy concerns, the challenged provisions of state and local law can constitutionally coexist with the federal criminal laws.

Accordingly, Plaintiffs cannot clearly show a conflict between the challenged provisions of state and local law and the federal criminal laws that is strong enough to overcome the presumption that the state and local regulatory scheme can constitutionally coexist with the federal regulatory scheme.

Therefore, Plaintiffs' claims for declaratory, injunctive and monetary relief against all Defendants must be dismissed under FRCP 12(b)(6) as a matter of law because the federal criminal laws do not preempt the challenged provisions of state and local law with regard to the licensing and regulation of legal brothels in Nevada.

## CONCLUSION

Based upon the foregoing, the Legislature respectfully asks the Court to: (1) grant the Legislature's motion to dismiss, as a matter of law, all claims in Plaintiffs' first amended complaint against all Defendants under FRCP 12(b)(1), 12(b)(6), 12(b)(7) and 12(h)(3); and (2) enter judgment in favor of all Defendants accordingly.

DATED:   This **28th** day of May, 2019.

Respectfully submitted,

**BRENDA J. ERDOES**
Legislative Counsel

By: /s/ Kevin C. Powers
**KEVIN C. POWERS**
Chief Litigation Counsel
Nevada Bar No. 6781
NEVADA LEGISLATIVE COUNSEL BUREAU, LEGAL DIVISION
401 S. Carson Street
Carson City, Nevada 89701
Tel: (775) 684-6830; Fax: (775) 684-6761
kpowers@lcb.state.nv.us
*Attorneys for Nevada Legislature*

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of the Nevada Legislative Counsel Bureau, Legal Division, and that on the __28th__ day of May, 2019, pursuant to FRCP 5(b) and Local Rule Part IC, I filed and served a true and correct copy of Defendant Nevada Legislature's Reply in Support of Motion to Dismiss Plaintiffs' First Amended Complaint, by using the Court's CM/ECF system for electronic service directed to the following:

**JASON D. GUINASSO, ESQ.**
HUTCHISON & STEFFEN, PLLC
500 Damonte Ranch Pkwy. Ste. 980
Reno, NV 89521
jguinasso@hutchlegal.com
*Attorneys for Plaintiffs*

**AARON D. FORD, ESQ.**
Attorney General
**GREGORY L. ZUNINO, ESQ.**
Deputy Solicitor General
OFFICE OF THE ATTORNEY GENERAL
100 N. Carson St.
Carson City, NV 89701
GZunino@ag.nv.gov
*Attorneys for Defendants State of Nevada and Steve Sisolak, in his capacity as Governor of the State of Nevada*

**GUS W. FLANGAS, ESQ.**
**JESSICA K. PETERSON, ESQ.**
FLANGAS DALACAS LAW GROUP
3275 S. Jones Blvd. Ste. 105
Las Vegas, NV 89146
gwf@fdlawlv.com
jkp@fdlawlv.com
*Attorneys for Proposed Defendants-Interveners Cash Processing Services, Inc. and Lance Gilman*

/s/  Kevin C. Powers
An Employee of the Legislative Counsel Bureau