Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant



# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **REBEKAH CHARLESTON,** | **INTERVENOR'S NOTICE OF MOTION AND MOTION TO INTERVENE AS PARTY DEFENDANT, WITH MEMORANDUM OF POINTS AND AUTHORITIES** |
| Plaintiff | |
| v. | |
| **STATE OF NEVADA ET AL,** | Case No.: 3:19-cv-00107 |
| Defendant | Presiding Judge: Miranda M. Du |
| | Referred Judge: William G Cobb |

## TABLE OF CONTENTS

TABLE OF AUTHORITIES..................................................................................ii

NOTICE OF MOTION TO INTERVENE.………………………………………4

INTRODUCTION .................................................................................................6

STATEMENT OF THE ISSUES..........................................................................7

STATEMENT OF FACTS ....................................................................................7

    A. Proposed Defendant-Intervenor Russell Greer........................................ 7

    E. The Instant Action................................................................................. 8

ARGUMENT......................................................................................................... 8

    I. Russell Greer is Entitled to Intervene as of Right................................. 8

    A. Russell Greer's Motion is Timely.......................................................... 9

    B. Russell Greer Has a Significantly Protectable Interest in the Subject
    Matter of this Action................................................................................ 9

    C. Russell Greer's Ability to Protect His Interest May Be Impaired. ...................

    D. No Existing Parties to the Action Adequately Represent Greer. ......................

    II. Greer Should Alternatively be Granted Permissive Intervention.......................

CONCLUSION.....................................................................................................

EXHIBIT A.…………………………………………………………………...

EXHIBIT B.…………………………………………………………………..

EXHIBIT C.…………………………………………………………………

EXHIBIT D.…………………………………………………………………

EXHIBIT E.…………………………………………………………………

EXHIBIT F.…………………………………………………………………

EXHIBIT G.…………………………………………………………………

## TABLE OF AUTHORITIES

**_Cases:_**

**California ex rel. Lockyer v. United States,**

450 F.3d 436 (9th Cir. 2006) ..................................................................9, 10, 11

**Citizens for Balanced Use v. Montana Wilderness Association,**

647 F.3d 893 (9th Cir. 2011) ................................................................10, 11, 13

**Donnelly v. Glickman,**

159 F.3d 405 (9th Cir. 1998) ........................................................................8

**Forest Conservation Council v. United States Forest Service,**

66 F.3d 1489 (9th Cir. 1995) ....................................................................8, 11

**Idaho Farm Bureau Federation v. Babbitt,**

58 F.3d 1392 (9th Cir. 1995) ........................................................................9

**League of United Latin American Citizens v. Wilson,**

131 F.3d 1297 (9th Cir. 1997) ......................................................................9

**Prete v. Bradbury,**

438 F.3d 949 (9th Cir. 2006) ........................................................................8

**Smith v. Los Angeles Unified School District,**

830 F.3d 843 (9th Cir. 2016) ........................................................................9

**Southwest Center for Biological Diversity v. Berg,**

268 F.3d 810 (9th Cir. 2001) ....................................................................9, 13

**Trbovich v. United Mine Workers of America,**

404 U.S. 528 (1972)..................................................................................11

**United States v. Alisal Water Corporation,**

370 F.3d 915 (9th Cir. 2004) ........................................................................8

**Wilderness Society v. United States Forest Service,**

630 F.3d 1173 (9th Cir. 2011) .................................................................8

Zubik v. Burwell

136 S. Ct. 1557 (2016).........................................................................7

*Federal Statutes:*

Fed. R. Civ. P. 24(a)(2)....................................................................... 8

 Fed. R. Civ. P. 24(b)(1) ................................................................... 13

Fed. R. Civ. P. 24(b)(3) .................................................................... 13

 *Other Authorities:*

3B Moore's Federal Practice 24.07[4](2d ed. 1995) ............................... 12

6 Edward J. Brunet,

    Moore's Federal Practice § 24.03[4][a] (3d ed. 1997).................................. 11

## DEFENDANT-INTERVENOR RUSSELL GREER'S MOTION TO INTERVENE

Russell Greer respectfully moves, pursuant to Federal Rule of Civil Procedure 24, to intervene as a Defendant in this action, to protect his rights as a disabled client to patronize the Nevada brothels. Proposed Defendants-Intervenors Gilman and Cash Processing Services, Inc. have argued only property interests. Proposed Defendant-Intervenor Greer offers arguments, based upon existing Nevada law, that allows him to freely solicit sex workers without fear of arrest and to be accepted by women, when the world has rejected him, and he feels that Defendant State of Nevada et al, nor Intervenor Gilman adequately represents his claims. Plaintiffs did not answer his intervenor messages or claims and Defendants state that they have no opinion on whether he joins as an intervenor.

Further, Greer wishes to intervene after having had correspondence with the Nevada State Bar, where lawyer Jason Guinasso's ability to practice law has been called into question. The other parties or intervenors have not brought up this fact and it needs to be addressed that Guinasso has a history of pushing through meritless legal actions to further, as one other lawyer put it, who chided Guinasso for another frivolous endeavor, his "imagined political advantage". EXHIBIT B. It's a rather well-known fact, too, and adverse action needs to be taken against Mr. Guinasso. Greer has standing to address this because Guinasso's frivolous behavior threatens Greer's ability to have sex and his transactions to pay for that sex.

Proposed Defendant-Intervenor Russell Greer, pursuant to Federal Rule of Civil Procedure 24, seeks intervention as a right and permissive intervention.

This action, filed by Plaintiff Charleston, threatens to undo the protections found in Nevada state law that gives Greer the right to pay another consenting adult for intimacy. It threatens to deny Greer's sexual partners of receiving those transactions to engage in sex with him. Oddly, this present case is among a long line of litigious and fruitless endeavors brought

forth by Plaintiff's counsel Jason Guinasso. If intervention is granted, Greer hopes that Guinasso will be sanctioned for continuing to abuse the judicial process, through a Rule 11 Motion for Sanctions.

Greer is entitled to intervention as of right because his ability to make transactions is at stake, his motion is timely; the disposition of this action will almost certainly impair or impede his ability to protect his interest; and no parties will adequately represent his interests. In addition, Greer is entitled to permissive intervention because he has an independent ground for jurisdiction, he has a defense which shares a question of law and fact in common with Plaintiffs' claims, and his motion is timely.

WHEREFORE, Russell Greer respectfully requests that this Court grant him the right to intervene in this matter. This request is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities,  as well as any other written or oral evidence that may be presented at or before the time this motion is heard by the court.


Respectfully Submitted July 7th, 2019


Russell Greer
Pro Se Litigant
russmark@gmail.com
801-895-3501
6337 South Highland Drive
#209
Holladay, UT 84121

# INTRODUCTION

Nevada is currently the only state in the United States to allow prostitution to legally function in the form of licensed brothels. Several studies done by highly cited researchers have found that the brothels are safe and viable.[1]  However, lawyer Jason Guinasso has been on a moral and religious crusade to rid the state of Nevada of legal prostitution. His most recent endeavor is the present case of *Charleston v. State of Nevada,* in which he brings forth extraordinary claims that, when the facts are matched up, do not show any wrongdoing on the part of the State of Nevada or the brothels themselves, thus making this present case another frivolous case in Guinasso's history of pushing through meritless claims.

Russell Greer respectfully seeks to intervene as a party defendant in this action to defend the state law in question. If left unchallenged, a striking down of the law would deny Greer, a disabled man, the legal ability to pay licensed sex workers for sex, thus exposing Greer to criminal prosecution if he were to solicit because he would have no legal alternative.

Further, Greer wishes to intervene because he is disgusted by Guinasso's pattern of litigiousness. Greer has spoken to the Nevada State Bar about how he believes Guinasso is pushing through meritless claims and they urged him to take his complaints to a judicial setting. EXHIBIT G.  Additionally, the state bar also urged Greer to let them know if Guinasso was found to be pushing through frivolous claims. Guinasso himself has even stated that he will not stop pushing through meritless claims, as found in a published statement he made in 2018, after failing to gather enough signatures to outlaw brothels in the form of a ballot initiative. Guinasso is on record as saying he hopes to launch another initiative in 2020.[2] Along with the aforementioned lawyer chiding Guinasso for being frivolous, a sex worker non-profit group,

---

[1] Barbara G. Brents, "*Violence and Legalized Brothel Prostitution in Nevada Examining Safety, Risk, and Prostitution Policy*". UNLV Sociology. Journal of Interpersonal Violence. (2005). https://digitalscholarship.unlv.edu/sociology_pubs/72/
[2] *Brothel Ban Supporters Concede that they Won't Get Question on Nye County Ballot.* (2018). (https://thenevadaindependent.com/article/brothel-ban-supporters-concede-they-wont-get-question-on-nye-county-ballot).

Onesta, (whose director is a female brothel owner) has called this present case frivolous.

EXHIBIT C. The May 29th-June 4th edition of the *Las Vegas Tribune* called Guinasso out on its

front page, labeling him "a creepy lawyer". EXHIBIT D. It's no secret that Guinasso has a

reputation for being frivolous and thus he should be sanctioned for bringing forth this case, a

Motion Greer hopes to file if he is granted intervention.

The disposition of this important case will have lasting impact on Greer's interests.

Respectfully, Greer's Motion to Intervene should be granted.

## STATEMENT OF THE ISSUES

Whether Proposed Defendant-Intervenor Russell Greer should be granted intervention as

of right to defend his interests in this matter, the resolution of which threatens to eliminate his

legal ability to pay another consenting adult for sex. Alternatively, whether Defendant-Intervenor

Russell Greer should be granted permissive intervention.

## STATEMENT OF FACTS

### A. Proposed Defendant-Intervenor Russell Greer

Russell Greer lives in Salt Lake City, Utah He has a paralegal degree. He was born with a

facial paralysis termed "Moebious Syndrome". His disability doesn't allow him to close his lips

or to speak clearly. His eyes are also paralyzed and he can't form facial expressions. Because of

his disability, dating has been hard and so he has, since 2013, made 8 hour Amtrak trips to the

Bunny Ranch, Love Ranch North and Kit Kat Ranch brothels, all located in Lyon County, where

he legally paid consenting adults for sexual relations. Greer has also travelled to Bella's

Hacienda, a brothel in Elko County. It means so much to him to be able to pay another adult

because he is able to sexually and sensually express himself. Greer's first kiss was in a brothel.

In an age where people are "coming out" about their sex lives and championing bodily

autonomy, Greer publicly came out years ago about how he patronizes prostitutes. It's his

identity as a disabled man. It's how he dates. Essentially, he's a product of his environment

because no women will give him a chance and he is constantly made fun of for his appearance and disability and so he naturally gets lonely. But he has utmost respect for these women. However, it hasn't been without consequences. He has lost employment and relationships because of him patronizing sex workers in Nevada. His admiration for prostitution has attracted trolls who call him a "sex pest". Regardless, Greer has fought for legalization and for it to remain legal, by writing letters to the Nevada Senate, opposing their Bills, writing op-Ed's, etc.

Out of 100 countries in the world, 53 have some form of legal or decriminalized form of prostitution, some of which include prosperous, first-world countries such Australia, Germany, New Zealand, etc..[3] In countries that have legal prostitution, crime is reduced, trafficking is far less and is not associated with legal prostitution, and sexually transmitted diseases are lessened. *The Case for Legalizing Sex Work.* Project Syndicate. (2016). Peter Singer, MA, Ira W. DeCamp Professor of Bioethics at the University Center for Human Values at Princeton University. Several world groups have called for the legalization and decriminalization of prostitution, including UNAIDS[4], Amnesty International, the ACLU[5], with other groups praising the Nevada brothel model for increasing public health.[6]

Plaintiffs want the Court to believe that every man who pays for sex is a violent person. This is yet again an example of Guinasso stretching the truth and bringing forth a narrative that is more fiction than reality. At no time was Greer violent or rude to his partners. The encounters have been consensual and at no time has Greer observed fear or apprehension in his partners. Greer has even dressed fancy for his partners and made them feel appreciated by giving them flowers and buying them dinner, showing them that they are ladies. EXHIBIT E.  There have

---

[3] *100 Countries and Their Prostitution Policies.* (2018).
(https://prostitution.procon.org/view.resource.php?resourceID=000772).
[4] *Amnesty International Policy on State Obligations to Respect, Protect, and Fulfil the Human Rights of Sex Workers.* Amnesty International. (2016).
[5] *It's Time to Decriminalize Prostitution.* NJ.com. (2016).
(https://www.google.com/amp/s/www.nj.com/opinion/2016/07/its_time_to_legalize_prostitution_opinion.html%3fo utputType=amp).
[6] *Vice Versa.* British Medical Journal. (2006). (https://www.bmj.com/content/332/7535/0.7).

been a few times where the sex workers have "upsold" Greer, which means they quoted prices higher than he could afford and thus denied him, which is not characteristic of a trafficked person, as Plaintiffs falsely argue trafficking is rife in the Nevada brothels.

**B  The Instant Action**

The present case involves a Ms. Charleston, who claims that her ex-boyfriend made her get a job at the Bunny Ranch brothel. As for punishment, her boyfriend would make her work in the brothel. She claims to have endured this for 10 years. And because of what this unnamed boyfriend did, Guinasso argues in his claims that brothels are a "state created danger". Dkt. 1. What Guinasso fails to mention is that the boyfriend was not a brothel employee, the brothel didn't work with her boyfriend in trafficking her and the state did not condone or even know what was happening. The brothel didn't know either, according to the facts.

As stated previously, the case is frivolous and is another outlandish claim in Guinasso's quest for moral cleansing. This is a highly obvious motive of Guinasso's, as he openly lists himself as being very religious, on his public Twitter account and through recorded testimony. EXHIBIT F. Lastly, the Complaint is filled with allegations of things that may or may not have been said or done at the Bunny Ranch (like traveling to Hawaii for prostitution) and are only backed up by affidavits from undisclosed Jane Does, and the owner of the Bunny Ranch, when these events transpired, Dennis Hof, has since passed, thus all allegations are moot because the dead can't defend themselves.

## ARGUMENT

*Federal Rule of Civil Procedure 24* allows both intervention as of right and permissive intervention. The Ninth Circuit has repeatedly expressed its strong preference for liberal evaluation of the requirements in favor of granting intervention. "[T]he requirements for intervention are broadly interpreted in favor of intervention," *United States v. Alisal Water Corp.*, 370 F.3d 915, 919 (9th Cir. 2004), precisely because a "liberal policy in favor of

intervention serves both efficient resolution of issues and broadened access to the courts." *Forest Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1496 n.8 (9th Cir. 1995) (internal citation omitted) (abrogated by further broadening of intervention under a specific statute in *Wilderness Soc'y v. United States Forest Serv.*, 630 F.3d 1173 (9th Cir. 2011)). As shown below, Russell Greer satisfies all of the intervention requirements for intervention by right, as well as permissive intervention.

## I.      Russell Greer is Entitled to Intervene as of Right.

Given the Ninth Circuit's liberal policy in favor of intervention, a court must broadly construe the following four criteria when evaluating a request to intervene by right under *Fed. R. Civ. P. 24(a)(2):* (1) the application must be timely; (2) the applicant must have a significant protectable interest in the action; (3) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; and (4) the existing parties may not adequately represent the applicant's interest. *Prete v. Bradbury,* 438 F.3d 949, 954 (9th Cir. 2006); *Donnelly v. Glickman,* 159 F.3d 405, 409 (9th Cir. 1998). Courts "are guided primarily by practical and equitable considerations" in assessing these criteria. *Donnelly,* 159 F.3d at 409.

### A.      Russell Greer's Motion is Timely.

The Ninth Circuit gauges timeliness by considering "three factors: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." *League of United Latin Am. Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (internal quotation marks and citations omitted). Even a motion filed four months after the filing of a lawsuit is considered "a very early stage" under Ninth Circuit jurisprudence. *Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995).

Here, Russell Greer has filed his motion approximately five months after the original complaint, and approximately four months since the amended complaint was filed in this matter. The Court has not issued any rulings pertaining to the Defendants' Motions to Dismiss, nor has

the Court answered Intervenor Gilman's Motions. Moreover, Proposed Defendant-Intervenor Greer does not seek to alter any of the Court's current deadlines (briefing or otherwise), so there can be no argument that intervention by Russell Greer will result in any prejudice to the parties. See *Smith v. Los Angeles Unified Sch. Dist.*, 830 F.3d 843, 857 (9th Cir. 2016) (holding that "the only 'prejudice' that is relevant under this factor is that which flows from [the] prospective intervenor's" delay) (citation omitted). Russell Greer has therefore satisfied the timeliness factor.

**B. Russell Greer Has a Significantly Protectable Interest in the Subject Matter of this Action.**

A proposed intervenor will be found to have a "significant protectable interest in an action if (1) it asserts an interest that is protected under some law, and (2) there is a relationship between its legally protected interest and the plaintiff's claim." *Cal. ex rel. Lockyer v. United States,* 450 F.3d 436, 441 (9th Cir. 2006) (quoting *Donnelly*, 159 F.3d at 409). Granting intervention is particularly appropriate where "the injunctive relief sought by plaintiff will have direct, immediate, and harmful effects upon [the proposed intervenor's] legally protectable interests." *Southwest Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

Here, Plaintiffs seek to have state laws that allow legal prostitution abolished by federal preemption. Granting such relief would compromise Russell Greer's ability to legally pay licensed sex workers for sex and thus he would have no legal places to obtain intimacy. Indeed, such relief may force Russell Greer to decide between following absurd laws that make all sex work a crime, if the laws are struck down, or be forced to engage in illegal activity  Because such a burden would clearly have "direct, immediate, and harmful effects upon" Russell Greer, the significant protectable interest factor is satisfied. See, e.g., *Cal. ex rel. Lockyer v. United States*, 450 F.3d 436, 441 (9th Cir. 2006) (finding a significant protectable interest where federal law "provide[d] an important layer of protection" to intervenors, and where intervenors would "likely . . . be forced to choose between adhering to their beliefs and losing their professional licenses"

in the event such a law were to be struck down). Further, Greer has a statutory right of intervention, as he stands to lose monetary ability to pay other consenting adults. Russell Greer clearly has a substantial legal interest in seeing that the laws are not eliminated by the relief Plaintiffs request.

### C.    Russell Greer's Ability to Protect His Interest May Be Impaired.

A significantly protectable interest is very closely linked with the third requirement for intervention of right—that the outcome of the challenge may impair the proposed intervenor's interest. Indeed, once such an interest obtains, a court should have "little difficulty concluding that the disposition of th[e] case may, as a practical matter, affect" the intervenor. *Citizens for Balanced Use v. Montana Wilderness Association*, 647 F.3d 893, 898 (9th Cir. 2011) (citation omitted).

The distinct possibility of impairment is clear here. If the Plaintiffs prevail, Russell Greer would be stripped of a legislatively enacted right, unique to Nevada alone: the right to enter into a brothel and pay another adult. That is a right the legislature has created and has been functioning smoothly for decades until Guinasso began his zealous crusade. It has meant everything to Greer to pay a legal adult in a legal facility without the fear of arrest. Greer has felt accepted in the brothels. Finally, if Russell Greer is not permitted to intervene here, he "will have no legal means to challenge [any] injunction" that might be granted by this Court. *Forest Conservation Council*, 66 F.3d at 1498; see *Lockyer*, 450 F.3d at 443 (finding impairment where proposed intervenors would have "no alternative forum . . . [to] . . . contest [the] interpretation" of a law that was "struck down" or had its "sweep substantially narrowed") Under such circumstances, Russell Greer satisfies the impairment factor.

### D.    No Existing Parties to the Action Adequately Represent Russell Greer.

A proposed intervenor can establish this factor if he "shows that representation of [its] interest 'may be' inadequate," and "the burden of making that showing should be treated as

minimal." *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n. 10 (1972) (emphasis added). A proposed intervenor "should be treated as the best judge of whether the existing parties adequately represent . . . [its] interests, and . . . any doubt regarding adequacy of representation should be resolved in [its] favor." 6 Edward J. Brunet, Moore's Federal Practice § 24.03[4][a] (3d ed. 1997). As demonstrated below, the interests of Russell Greer are not adequately represented by any party in this action.

Although Defendant-Intervenor Gilman seeks to protect his business interests and the money he stands to lose, his arguments are not "identical to the individual parochial interest" of Russell Greer in the instant action. *Citizens for Balanced Use*, 647 F.3d at 899 (internal quotations and citations omitted). His arguments are from a business perspective; Greer's arguments are from a client's perspective. Greer has not ever solicited in Gilman's brothel. Further, the State of Nevada does not represent Greer's interests because Greer owns no property in Nevada and Greer is not a resident of Nevada. This distinction is sufficient, by itself, to merit a grant of intervention. See *Forest Conservation*, 66 F.3d at 1499 (finding minimal burden of establishing inadequate representation was met where government defendant was "not charged with a duty to represent . . . asserted interests [of proposed intervenor] in defending against injunction"); see also *Cal. Dump Truck Owners Ass'n v. Nichols*, 275 F.R.D. 303, 308 (E.D. Cal. 2011) (even when government agency and proposed intervenor shared the same "ultimate objective," finding inadequate representation where the former's interest was generally to account for the "economic impact its rules [would] have on the state as a whole," while the latter's interests were "more 'narrow and parochial'") (emphasis added). That is particularly the case here, where interest lies solely in ensuring that Greer can pay a consenting adult in a legal brothel, whereas the State's and Gilman's interest are far more expansive and generalized.

While their ultimate goal may be the same, the interests of Greer and the state defendants are clearly distinct. Given these facts, it is clear that federal defendants will neither "advance the

same arguments as" Greer, nor will they "simply confirm" the interests of Greer in this action. *Berg*, 268 F.3d at 823.3 The guidance of the Supreme Court and the Ninth Circuit on this factor thus compels a conclusion that Greer has met his minimal burden to establish that no adequate representation exists to protect his narrow and parochial interest in seeing that the Nevada laws that allow him to pay another consenting adult stay intact.

## II.    Russell Greer Should Alternatively be Granted Permissive Intervention.

In addition to satisfying the requirements for intervention as of right, Greer also satisfies those for permissive intervention. *Federal Rule of Civil Procedure 24(b)(1)* provides that "on timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." In making this determination, a court must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Fed. Civ. R. P. 24(b)(3).*

As already established, Greer's Motion is timely filed and will cause no undue delay or prejudice to the original parties. Greer has concurrently filed an appropriate pleading and seeks no delay in any of the Court's pending scheduling orders. Moreover, it is clear that Greer's defenses "share with the main action a common question of law or fact." Greer intends to defend the Nevada brothel laws. Finally, because Greer is the only party who is arguing the right to be able to pay another consenting adult, he believes he can provide this Court with a perspective it might not otherwise hear, thereby aiding in the disposition of the case. Accordingly, Greer respectfully requests that this Court grant permissive intervention in the event he is denied intervention as of right.

## CONCLUSION

For the foregoing reasons, the Court should grant Greer's motion to intervene as of right, or in the alternative, his motion for permissive intervention.

Respectfully submitted this 7th day of July, 2019.

,

Respectfully,

Russell Greer
Pro Se Litigant
/rgreer/



## CERTIFICATE OF SERVICE:

Pursuant to FRCP 5(b), I certify that on July 7th, 2019, I served a true and correct copy of the attached document by U.S. Mail on the following:

Jason D. Guinasso
500 Damonte Ranch Pkwy
Suite 980
Reno, NV 88521

State of Nevada
Steve Sisolak, Governor of the State of Nevada
Legislature of State of Nevada
C/O Nevada Attorney General
100 N. Carson Street
Carson City, NV 89701

Gus Flangas
3275 South Jones Blvd
Suite 105
Las Vegas, NV 89146

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

**INDEX OF EXHIBITS**

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Motion to Dismiss |
| B. | Lawyer Warning Letter |
| C. | Onesta Statement |
| D. | Newspaper Article |
| E. | Greer with Sex Worker |
| F. | Guinasso Religious Statement |
| G. | Nevada State Bar Letter |

**EXHIBIT A — Motion to Dismiss**

Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| **REBEKAH CHARLESTON,** | **DEFENDANT-INTERVENOR RUSSELL GREER'S NOTICE OF JOINDER IN MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| Plaintiff | |
| v. | |
| **STATE OF NEVADA ET AL,** | Case No.: 3:19-cv-00107 |
| Defendants, | |
| **CASH PROCESSING SERVICES; LANCE GILMAN,** | Presiding Judge: Miranda M. Du |
| Defendants-Intervenors, | Referred Judge: William G Cobb |
| **Russell Greer,** | |
| Defendant-Intervenor | |

Defendant-Intervenor Russell Greer comes now and joins in Defendant State of Nevada's and Defendant-Intervenor Lance Gilman's motions to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6) (Docket Entry Numbers 11 and 22), for all the reasons therein: failure to state a claim, expiration of statute of limitations and lack of standing.

In addition, Plaintiffs' lawsuit is frivolous and everything Defendant-Intervenor Russell Greer could argue for dismissal, has already been argued in the aforementioned parties' motions to dismiss.

For these reasons, and for all of the other reasons stated in Gilman's and State of Nevada's motion to dismiss, Greer respectfully moves this court to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(B)(6).

Respectfully Submitted July 7th, 2019

Russell Greer
Pro Se Litigant
russmark@gmail.com
801-895-3501
6337 South Highland Drive , #209
Holladay, UT 84121



2

**EXHIBIT B — Lawyer Warning Letter**



LAW OFFICES

# WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP

Bradley S. Schrager
bschrager@wrslawyers.com

July 23, 2018

**VIA ELECTRONIC MAIL AND U.S. MAIL**
jguinasso@hutchlegal.com

Mr. Jason Guinasso
Hutchison & Steffen
500 Damonte Parkway
Suite 980
Reno, Nevada 89521

Re:    *Demands*

Dear Counsel:

This firm represents the campaign of Senator Aaron Ford for Nevada Attorney General (the "Campaign"). I am in receipt of your letter of July 20, 2018. Thanks, as well, for simultaneously making sure it reached us through the media, in case your three emails, mailed hard copy, and hand delivery all somehow went astray in their respective transmissions.

We have reviewed your correspondence. We do not credit your allegations in the least, and we have no fear whatsoever that you can make out a plausible claim that your client has been defamed in these circumstances. I will inform you, however, that you only need to call me and tell me when and where to accept service of your filing papers, on behalf of the Campaign.

In the event you do decide to file suit, please do be sure to review with your client the provisions of NRS 41.670 regarding the award of costs and fees to a party successfully defending "lawsuits" like the one you threaten. Filing frivolous legal actions for imagined political advantage has consequences: do not permit those consequences to escape your client's understanding.

**EXHIBT C — Onesta Statement re Guinasso**

 

 

# ONESTA FOUNDATION OFFICIAL STATEMENT ON THE Feb. 2019 FEDERAL LAWSUIT FILING

**By**



**Executive Director Bella Cummins**

"Yet again, I am reminded of Jason Guinasso's

24

 Notes  12:14 PM    86%  onestafoundation.org

 NESTA
FOUNDATION

☰

### Executive Director Bella Cummins

"Yet again, I am reminded of Jason Guinasso's misunderstanding of this subject matter. I understand his wanting to lash out and fix something that he thinks is wrong. However, it's confused. Once again, with loaded verbiage, he fails to understand the difference between the nature of legal courtesanship in Nevada and illegal prostitution. It proves again that there is a real need for education, to erase these stereotypes and misunderstandings and to guide our thinking about a new direction. That is what the Onesta Foundation is about and that forms the basis of our advocacy for enlightened approaches to well-regulated sensual services. In the rural counties of Nevada, we have proved that it works, that it improves public health and safety and empowers communities.

The Onesta Foundation stands with the Governor, The Nevada Legislature and the State of Nevada in this case, but most stolidly with the workers, the courtesans, who are being marginalized and stigmatized by the ignorance of misplaced judgement.

The plaintiff in this case tells of her experience of being forced into prostitution, a crime by any standard, in the state of Texas, and of being brought




As Executive Director of the Onesta Foundation, a Nevada 501c3 non-profit entity, I urge the courts to reject this suit on the grounds that state's rights should prevail and that this suit is frivolous."

-Madam Bella Cummins

Click this link to the Las Vegas Review-Journal which includes the official document filed by Jason Guinasso.



26

**EXHIBIT D — Newspaper Article re Guinasso**

•ıı Verizon  LTE          10:29 AM          @ ⊿ 96% ▬ ⚡

Not Secure — **nevadabrothelassociation.com**

MAY 28, 2019 BY **CHUCK MUTH**

# 9 Words to Help Protect Women from Getting Their Teeth Knocked Out – or Worse



*Jason Guinasso*

*(Chuck Muth)* – There's a creepy lawyer/televangelist in Reno, Jason Guinasso, who's on a moral crusade to shut down all of

∧  ∨  🔍 **jason**          1 of 2   **Done**

‹ Facebook  ••oo LTE    10:36 AM    ⊙ ◆ 97% ▮ ⚡
Not Secure — lasvegastribune.net

# merits much consideration

**1 of 27**



*Trump in the Rose Garden introduces immigration revamp plan.*

though short on detail, outlines a path that would boost the economy, and in the president's words "establishes a new legal immigration system that protects American wages, promotes American values, and attracts the best and brightest from all around the world."

Trump's proposal would leave unchanged the number of people allowed to legally immigrate to this country — 1.1 million a year — but would dramatically alter the criteria for entry. He said fully 66 percent of immigrants are added solely because they have a relative in the U.S. Apparently just about any
chain relative now qualifies. Trump would limit relatives to spouses and children.

The president then noted that only 12 percent of legal immigrants are selected based on skill or merit, unlike Canada, Australia and New Zealand, which use merit as the chief criteria for 60 to 75 percent of their legal immigrants.

The biggest change we make is to increase the proportion of highly skilled immigration from 12 percent to 57 percent, and we'd like to even see if we can go higher," Trump said, being interrupted by. *(See Merit Immigration, Page 3)*

## My Point of View
*By Rolando Larraz*

I wonder what the issue is that the daily newspaper has with the Las Vegas Convention and Visitors Authority. For months the newspaper has been attacking the executives of that group or organization like there is no tomorrow.

For years I have been seen the Las Vegas Convention and Visitors Authority become a fantastic organization making our city the most popular city in the world, making Las Vegas a worldwide tourist destination.

When the Las Vegas Convention and Visitors Authority became part of our city, it was with the idea of promoting our city as one of the most exciting and popular swimming, tourist, gaming, and entertainment spots universally.

[rest of column continues...]

*(See My Point of View, Page 2)*

# Dirty tricks done dirt cheap

*By Thomas Mitchell*



*Republican Senate Minority Leader James Settelmeyer of Minden.*

# Nevada emerges as wild card in the 2020 Democratic race

*By Jonathan Easley*
*The Hill*



Nevada is lining up to be the wild card in the Democratic presidential primary.

The Silver State, which is third in line to vote in the 2020 nominating process, has largely been ignored by the candidates as they focus on fundraising in Iowa, New Hampshire and South Carolina.

So far, only seven of the 24 Democrats running for president have paid staff on the ground in Nevada, making it anyone's ball game and a potential launching pad

for a dark horse candidate eager to break out from the pack.

"It's a wide open race," said Molly Forgey, the communications director for the Nevada Democratic Party. "Nevada is a real wild card and there are any number of reasons to believe any of the candidates could do well here."

*(See Wild Card, Page 6)*

# Amended version of SB224 betrays Sisolak's dedication to transparency

*By Michael Schaus*
*NPRI*



*(See SB224 Betrayal, Page 6)*

# Nine words to help protect women from getting their teeth knocked out — or worse

*By Chuck Muth*



*JASON GUYNASSO*

*(See Bordel Protection, Page 3)*

# Trump moves to crack down on 'welfare tourism'

*By Sagar Enjeti*

29

**EXHIBIT E — Greer with Sex Worker**



**EXHIBIT F — Guinasso's Religious Statements**



# Jason Guinasso

@guinasso

A husband, father, friend, lawyer, business owner, alpaca rancher and pastor who is passionate about faith, family and community.

⊙ Reno, NV    ▦ Joined February 2012

**1,392** Following    **656** Followers

Not followed by anyone you're following

| Tweets | Tweets & replies | Media | Likes |
|---|---|---|---|

⮌ Jason Guinasso Retweeted

 **Pat Hickey** @PatHickeyNevada · 5d
Student watch: Educators closely monitor enrollment numbers for coming school year



 

10:31 AM                    96%

🔒 leg.state.nv.us        ↻

reinstated the freedoms protected under the *Sherbert* test by requiring the government to show a compelling state interest if the government burdened religious freedoms.

Consider that then-Representative Chuck Schumer introduced a bill in the House of Representatives that passed by voice vote out of the House and by a 97 to 3 vote out of the Senate. The bill was sponsored by Senator Ted Kennedy and cosponsored by, among others, Senator Barbara Boxer, Senator John Kerry, Senator Patrick Leahy, and our own Senator Harry Reid. But unfortunately for the states, the U.S. Supreme Court was not done with the *Sherbert* test. In 1997, the court declared that the Religious Freedom Restoration Act did not apply to the states, and only to the federal government, so the act governed federal law and federal actions but not states.

As Senator Cegavske so well stated, the Nevada Preservation of Religious Freedom Act is simply meant to adopt and mirror the Religious Freedom Restoration Act on the federal level, which was affirmed by overwhelming bipartisan support in the Senate and the House and was signed into law by President Bill Clinton. Senate Bill 192 (R1) largely mirrors that act.

In conclusion, S.B. 192 (R1) deserves the wide bipartisan support that it has received not only at the national level, and not only among the 28 states that have passed it, but also among the cosponsors and supporters of this bill. Religious freedom under the *Declaration of Independence* and the First Amendment is a hallmark, in my opinion, of this country's greatest and mightiest attributes. My own faith teaches, "We claim the privilege of worshiping Almighty God according to the dictates of our own conscience, and allow all men and women the same privilege, let them worship how, where, or what they may."

**Chairman Frierson:**
Are there questions for either Senator Cegavske or Senator Hutchison? [There were none.]

**Jason Guinasso, Private Citizen, Reno, Nevada:**
I am a citizen and a local Nevada attorney who cares very deeply about religious liberty and protecting that most fundamental of all rights often called the first among equals. Anytime you are dealing with a fundamental liberty that is being burdened by the state or federal government, it is important that the highest standards of scrutiny be applied to that government action. I have divided my

Assembly Committee on Judiciary

**EXHIBIT G — Nevada State Bar Letter**

# STATE BAR OF NEVADA



April 4, 2019

Russell Greer
6337 South Highland Drive, No. 209
Holladay, UT 84121

Re:    Grievance / Jason Guinasso, Esq
       Reference No. OBC19-0408

Dear Mr. Greer:

The Office of Bar Counsel has considered your grievance to the State Bar of Nevada regarding attorney Jason Guinasso.

Your grievance involves issues which should be addressed in the appropriate judicial forum.

The Office of Bar Counsel and the disciplinary boards of the State Bar are not substitutes for the court systems. Therefore, no further action shall be taken in this matter. If a court makes any findings regarding your complaint, please re-submit that information for our reconsideration.

Sincerely,

Phillip J. Pattee
Assistant Bar Counsel

PJP/bkm