Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant



## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| REBEKAH CHARLESTON, <br><br> Plaintiff <br><br> v. <br><br> STATE OF NEVADA ET AL, <br><br> Defendant | INTERVENOR'S MOTION FOR ADDITIONAL TIME TO REPLY TO PLAINTIFF'S RESPONSE, PER FRCP 6. <br><br> Case No.: 3:19-cv-00107 <br><br> Presiding Judge: Miranda M. Du <br><br> Referred Judge: William G Cobb |
|---|---|

Proposed Defendant-Intervenor Russell Greer files this Motion for Additional Time to file a Reply, based upon *Federal Rule of Civil Procedure 6(b)(1)(B)*

## BACKGROUND

1. Proposed Intervenor Greer filed a Motion to Intervene on 07/10/2019.
2. Plaintiff filed a very expansive and vast response on 07/24/2019.
3. A date for Greer to file a reply was set by the court for 07/31/2019.
4. That date has since passed and Greer files this Motion.

## FRCP RULE 6 EXTENSION

5. *Federal Rule of Civil Procedure 6(b)(1)(B)* states that time can be extended to file a responsive pleading, if the date passes, for "good cause" because of "excusable neglect".
6. The 9th Circuit has defined "good cause" as a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See, *Venegas Hernandez v. Sonolux Records, 370 F.3d 183, 187 (1st Cir.2004)*.
7. To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir.1997)
8. In following the four factor test, firstly, there is no danger of prejudice to the Plaintiffs or Defendants if additional time is granted because no major motions have been ruled on.
9. If additional time is granted, Intervenor Greer anticipates to have his Reply filed before August 23rd. The reason Greer suggests this date is it will give him time to write a Reply and give him enough time to mail it and have it to the Court.

2

10. The reason for the delay was that Intervenor Greer does not receive mail at his home, due to trolls that harass him. His mail is sent to a facility that has a mailbox set up for him.

11. Greer checked his mail on Friday, the 25th, and he did not receive a package.

12. The facility closes early on Saturdays and is closed on Sundays, and Greer was negligent as to the response date, thinking he had 14 days to reply and not 7.

13. Greer realized his mistake and emailed Plaintiffs on Monday, July 29th, asking for electronic copies, as he had received nothing and had two days to meet the 07/31 deadline.

14. Bernadette Francis, a Legal Assistant to Guinasso, sent electronic copies to Greer.

15. Greer then realized that he couldn't pay a process sever to file the documents for him to meet the deadline, as told to him by Kathryn Gifford, a process server. EXHIBIT A. The process server said that they would be turned away if they filed in this court.

16. Realistically, if Greer had received the mail on Friday or Saturday, that would have given him only two days to write a reply, but even then, the mail wouldn't have reached the Court in time.

17. So due to Greer's neglect of checking the mail and checking the reply deadline, and the fact that the mail is not received at Greer's Home, he has shown good cause and good faith for why the deadline should be extended. *Ahanchian v. Xenon Pictures,* 624 F.3d 1253 (9th Circuit 2010) (Court reversed a ruling against a Motion for Additional Time and found that a calendaring error was a valid reason to grant additional time).

## CONCLUSION

For the foregoing reasons, the Court should grant Greer's Motion for Additional Time and set the new deadline for August 23rd.

Respectfully submitted this 5th day of August, 2019.

3

,

Respectfully,

Russell Greer
Pro Se Litigant
/rgreer/



## CERTIFICATE OF SERVICE:

Pursuant to FRCP 5(b), I certify that on August 5th, 2019, I served a true and correct copy of the attached document by Electronic Mail on the following:

Jason D. Guinasso
jguinasso@hutchlegal.com


Nevada State Legislature
Kevin Powers
kpowers@lcb.state.nv.us


State of Nevada
Gregory Zunino
GZunino@ag.nv.gov


Gus Flangas
gwf@fdlawlv.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

## INDEX OF EXHIBITS

| EXHIBIT | DESCRIPTION |
|---|---|
| A. | Process Server Statement |

7

**EXHIBIT A — Process Server Statement**

Case 3:19-cv-00107-MMD-WGC   Document 47   Filed 08/07/19   Page 7 of 8

ııl Verizon 🔀 ⁂         4:46 PM          @ ✈ 95% 🔋 ⚡

❮ Inbox                                    ⋀  ⋁

## [SN-53261] New response from General Mailbox

July 30, 2019 at 12:38 PM
🗀 Found in Important Mailbox

### Reply Above This Line ###

## New Response

General Mailbox wrote:

"Russell, we were told we could do a delivery to the chambers but we cannot file in this court. If this is a filing in the court we will be turned away at the clerk desk, If this is a delivery to the chambers than we would be able to do that.

Best regards,

[cid:LPS-2-color-1_b8e6132d-8466-46e4-afb6-657569fb4345.jpg]

Kathryn Gifford
Support Staff

Office: Reno
eMail: kathryn@lpsnv.com
Phone: 775-323-7070

This message is confidential. It may also be privileged or otherwise protected by

