Russell Greer
6337 South Highland Dr.
#209
Holladay, Utah 84121
801-895-3501
russmark@gmail.com
Pro Se Litigant



# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| **REBEKAH CHARLESTON,** | **INTERVENOR'S REPLY TO PLAINTIFF'S RESPONSE** |
| Plaintiff | |
| v. | Case No.: 3:19-cv-00107 |
| **STATE OF NEVADA ET AL,** | Presiding Judge: Miranda M. Du |
| Defendant | Referred Judge: William G Cobb |

Proposed Defendant-Intervenor Russell Greer files this Reply to Plaintiffs' Response to Intervenor Greer's Motion to Intervene, respectfully showing the Court as follows: (1) that his motion is timely and (2) he has a right to Intervene and permissive right.

### Greer is Not a Rapist, a Trafficker or a Criminal

Before Proposed Intervenor Greer offers his Reply to Plaintiffs' very long-winded, incoherent and puffed Response, Greer wishes to make this point: he is not a rapist. He has never raped a woman in or outside of a brothel. Every encounter that he has had with women has been very consensual. *Consent* seems to be a foreign concept to Plaintiffs. The fact that Plaintiffs and their attorney Guinasso would even include such a statement in their Motion, amounts to defamation. If anything, such statements are why Greer's Motion to Intervene **should** be granted, to dispel such harmful and false assertions. It's an argument that the State cannot offer because the governmental body cannot be accused of raping women. It's an argument that Proposed Intervenor Gilman cannot offer either, as he is a business owner, who is presumably not having sexual relations with his workers. Merely being a witness won't help defend this point.

Further, Mr. Guinasso continues to rely on the talking point that the existence of legal prostitution is a violation of federal law and that engaging in it makes Greer a trafficker and a rapist and a criminal, by default; however, there has already been case law decided that having legal prostitution is a right vested to the States and can co-exist with federal law. *Hoke v. United States,* 227 U.S. 308 (1913). More recently, federal legislation has acknowledged that legal prostitution is different than sex trafficking and illegal prostitution, see *18 U.S.C. 2421A(e)*, which states that the legality of prostitution can be used as an affirmative defense when advertising prostitution.

Therefore, this Motion to Intervene should be granted, based upon the harmful lie that Guinasso put into his Motion. However, Greer will reply to Plaintiffs' listed contentions.

### 1. Motion is Timely

As stated in Greer's Motion, his Motion is very timely, even though it was filed five months after the filing of the Complaint and four months after the filing of the amended complaint. Established precedent in the 9th Circuit has stated that 4 months is an acceptable time frame to file a motion to intervene. *Idaho Farm Bureau Fed'n v. Babbitt*, 58 F.3d 1392, 1397 (9th Cir. 1995). The reason his motion was filed many months after the filing of the amended complaint was based upon Greer's seeking to retain legal counsel and figuring out how to format and file a Motion to Intervene, once he decided to represent himself. Initially, Greer was seeking to have Guinasso reprimanded by the State Bar, which included a month of waiting, and when Greer was informed that he had to take his Complaint to a judicial setting, Greer spent many months on how to proceed. That all explained, precedent has found that the time frame Greer filed in is an acceptable time frame.

Additionally, Plaintiffs cannot argue delay or prejudice since no major motions have been ruled on and the Court has not signaled that any major motions will be ruled on. Therefore, Greer's Motion was timely and Plaintiffs have not demonstrated any real harm in having this motion granted.

## 2. Intervention of Right

In Plaintiffs' next contention, they claim that Greer cannot Intervene because he has no rights to Intervene. However, the 9th Circuit has stated that it evaluates a Proposed Intervenor's claim based upon if "there is a relationship between the legally protected interest and the claims at issue." *Sierra Club v. EPA*, 995 F.2d 1478, 1484 (9th Cir.1993). The legally protected interest in this case, per *FRCP 24*, is the transaction at stake for Greer to pay another consenting adult. Whether Plaintiffs like it or not, it is codified in Nevada State Law and several County laws that give Greer this statutory right to enter a legally established business to pay another consenting adult. It was a right that was upheld by the voters of Lyon County in the 2018 elections by a vast majority: 75 percent to 25 percent. *Lyon County Voters Say Keep Brothels Legal -- Question*

*Now Goes Before Commissioners.* Reno Gazette Journal (2018).

(https://www.google.com/amp/s/amp.rgj.com/amp/1917221002). Thus, the transaction aspect of

a right, found in *FRCP 24*, is satisfied.

Furthermore, there is growing self-awareness pertaining to the right of privacy and

autonomy in matters regarding sex and prostitution. Although the U.S. judicial system has erred

in recognizing a constitutional or fundamental right to prostitution, other countries have

recognized this right in the judicial system, with the case of *Canada (AG) v. Bedford,* 2013 SCC

72, which found that prohibition against prostitution was unconstitutional. Several states are

mulling legalization and decriminalizing prostitution, including: Hawaii, Maine, Massachusetts,

New Hampshire and the District of Columbia. *Several US States Consider Legislation to*

*Decriminalize Prostitution.* (2019).

(https://www.google.com/amp/s/www.independent.co.uk/news/world/americas/us-

politics/prostitution-decriminalisation-bill-sex-work-new-york-maine-us-

a8939586.html%3famp). The topic of legalization and decriminalization has been touted during

the 2020 campaign, with several candidates supporting legalization and decriminalizing

prostitution. *This Democratic Presidential Candidate Wants To Decriminalize Sex Work. (2019).*

*(https://www.buzzfeednews.com/article/dominicholden/tulsi-gabbard-decriminalize-sex-work-*

*2020).*

As for Greer's claims being represented and identical as the State of Nevada, they are

not, because Greer's claims are more narrow and focused on an individual aspect of being able to

make a transaction, whereas the State of Nevada offers a broad argument. *Cal. Dump Truck*

*Owners Ass'n v. Nichols*, 275 F.R.D. 303, 308 (E.D. Cal. 2011) (even when government agency

and proposed intervenor shared the same "ultimate objective," finding inadequate representation

where the former's interest was generally to account for the "economic impact its rules [would]

have on the state as a whole," while the latter's interests were "more 'narrow and parochial'").

The Plaintiffs' point about allowing many clients to join is a moot point, as that has not been the case since no other clients have attempted to join the case. Ironically, Guinasso had no problem letting many Plaintiffs join the case after the case was filed.

In answering the Plaintiffs' contention about a private citizen intervening, Greer has made three compelling reasons to allow him to intervene: (1) he is not a citizen of the state of Nevada. (2) Plaintiffs have lobbed very harmful allegations against him, and for the sake of defending his name and integrity, Greer wishes to intervene, as being accused of being a rapist or a trafficker are not claims the state of Nevada can adequately represent. (3) Greer has never patronized Proposed Intervenor Gilman's business, thus no claims can be properly represented and all three are compelling reasons to allow Greer to Intervene. Lastly, while Greer Joined in the claims of the Motion to Dismiss by Defendants, Greer would offer a different perspective, should he be required to file an answer or a supplemental brief.

## CONCLUSION

Intervenor Greer is unsure whether he should be humored or hurt by the ridiculous allegations Plaintiffs bring forth. On one hand, the allegations and the facts do not show any wrongdoing on the part of the Defendants. Plaintiff Charleston has no problem placing blame on everybody, but her trafficker ex-boyfriend. She can't even name drop her trafficker. Surely, if such claims were true, she would have no problem outing the guy and seeking criminal prosecution against him. Instead, whatever transpired 10 years ago, whether it be hurt feelings that made her bitter towards sex work or finding religion and changing her moral views, has resulted in this convoluted and embellished Complaint and she found an ally in attorney Guinasso, who has failed in the past to outlaw prostitution and now he's stretching falsities and defaming people, like Greer, to further his moral cleansing quest. He is representing her on a pro bono basis, too, which raises questions.

The humor is found in the question of whether Plaintiffs would also seek to abolish any other industries, had they claimed a bad experience. Would Plaintiffs seek to abolish the medical industry in Nevada if they claimed a doctor violated *HIPPA?* Would Plaintiffs seek to abolish the legal industry if they claimed violation of federal statutes? Of course not. Such a claim would be absurd and laughable. It should be no different with the brothel industry. Her grievance lies with a trafficker whom she can't name and a brothel owner who has since passed, not the entire industry itself.

On the other hand, the Plaintiffs' claims are extremely hurtful. They have made Greer out to be a scummy, dirty, depraved person, when in reality, he was born with a deformity and has lived his entire life being made fun of and has been rejected by women. His life experiences led him to brothels to feel the one thing each human being deserves to feel: intimacy and the human touch. The Plaintiffs' claims are also hurtful because they diminish Greer's very consensual experiences. They demean the women who CHOOSE to work in sex work; who travel from states across the country to ply their trade LEGALLY. Greer has met very intelligent women who come from all backgrounds who choose to work as sex workers: ranging from medical assistants to holders of Masters Degrees. The reality and the emotion of it is a claim only Greer can bring forth and represent, a human being, not a governmental organization or a business corporation. For that sheer reason alone, this motion should be granted.

For the foregoing reasons, the Court should grant Greer's Motion to Intervene as a Defendant-Intervenor.

Respectfully submitted this 19th  day of August, 2019.


Respectfully,

Russell Greer
Pro Se Litigant
/rgreer/

6

## <u>CERTIFICATE OF SERVICE:</u>

Pursuant to FRCP 5(b), I certify that on August 19th, 2019, I served a true and correct copy of the attached document by Electronic Mail on the following:

Jason D. Guinasso
jguinasso@hutchlegal.com


Nevada State Legislature
Kevin Powers
kpowers@lcb.state.nv.us


State of Nevada
Gregory Zunino
GZunino@ag.nv.gov


Gus Flangas
gwf@fdlawlv.com