**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| REBEKAH CHARLESTON; ANGELA DELGADO-WILLIAMS,<br><br>  Plaintiffs-Appellants,<br><br>and LEAH ALBRIGHT-BYRD,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF NEVADA et al.,<br><br>  Defendants-Appellees,<br><br>  and<br><br>LANCE GILMAN; et al.,<br><br>  Movants. | No.   19-17423<br><br>D.C. No. 3:19-cv-00107-MMD-WGC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
For the District of Nevada
Miranda Du, Chief District Judge, Presiding

Submitted December 9, 2020[**]

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

San Francisco, California

Before: BOGGS,[***] M. SMITH, and BENNETT, Circuit Judges.

Appellants, survivors of sex-trafficking and coerced prostitution in Nevada, appeal the dismissal of their suit for lack of subject-matter jurisdiction. They argue that federal laws that prohibit prostitution and sex trafficking in interstate commerce[1] preempt Nevada Revised Statutes §§ 201.345(1) and 224.345(8) that give less-populated counties the option to legalize brothels and also preempt local ordinances regulating those brothels. Appellants seek (1) a declaratory judgment that the laws and ordinances regulating brothels are unconstitutional and preempted by federal law; (2) a preliminary and permanent injunction prohibiting Nevada and its counties from implementing or enforcing those laws and ordinances; and (3) an order requiring Nevada to pay at least $2,000,000 per year to an "exit fund" for survivors of sex trafficking.

We review *de novo* a motion to dismiss for lack of subject-matter jurisdiction. *US West, Inc. v. Nelson*, 146 F.3d 718, 721 (9th Cir. 1998).

---

[***] The Honorable Danny J. Boggs, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] The Victims of Trafficking and Violence Protection Act (22 U.S.C. §§ 7101–14 (2018)), the Mann Act (18 U.S.C. §§ 2421–2424 (2018)), and 18 U.S.C. § 1591 (2018). Appellants seek only declaratory and injunctive relief against the government and do not seek damages under 18 U.S.C. § 2421A(c).

"The party invoking federal jurisdiction bears the burden of establishing" standing to sue. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). To have standing "[t]o seek injunctive relief, a plaintiff must show that [s]he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical . . . ." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009).

Appellants fail to show they are under threat of an actual and imminent injury. They argue that they "suffer exponentially higher risk of revictimization" because "people typically re-enter commercial sexual exploitation multiple times before permanently leaving." But the law requires Appellants to show that *they*, not survivors of trafficking generally, are at risk of "actual and imminent" harm. *See, e.g.*, *City of Los Angeles v. Lyons*, 461 U.S. 95, 110–12 (1983); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 946 (9th Cir. 2011). Further, an "exponentially higher risk" is not the same as an "actual and imminent" risk. The Supreme Court has "reiterated that 'threatened injury must be *certainly impending* to constitute injury in fact,' and that '[a]llegations of *possible* future injury' are not sufficient." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)).

Appellants also argue that their injury is ongoing because "the physical and psychological effects of sex trafficking and prostitution endure long after victims

escape from their . . . exploitation." But "[t]he emotional consequences of a prior act simply are not a sufficient basis for an injunction absent a real and immediate threat of future injury by the defendant." *Lyons*, 461 U.S. at 107 n.8. Because Appellants fail to show injury, we do not reach the remaining requirements for standing.

It is unclear if Appellants attempt to invoke third-party standing by mentioning "others similarly situated." The Supreme Court has "recogniz[ed] that there may be circumstances where it is necessary to grant a third party standing to assert the rights of another." *Kowalski v. Tesmer*, 543 U.S. 125, 129–31 (2004). Third-party standing may be the only practical way to assert the rights of enslaved human beings. *See, e.g.*, Neal Kumar Katyal, Note, *Men Who Own Women: A Thirteenth Amendment Critique of Forced Prostitution*, 103 Yale L.J. 791, 815, 819 (1993). But we decline to construe Appellants' arguments as invoking third-party standing because they neither expressly do so nor cite any relevant cases.

**AFFIRMED.**